**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                            )
NATURAL RESOURCES DEFENSE                   )
COUNCIL, INC.,                              )
1152 15th Street NW, Suite 300              )
Washington, DC 20005,                       )
                                            )
              *Plaintiff*,               )
                                            )
              v.                        )
                                            )  19-cv-315
UNITED STATES ENVIRONMENTAL                 )  ECF Case
PROTECTION AGENCY,                          )
1200 Pennsylvania Avenue NW                 )
Washington, DC 20260,                       )
                                            )
UNITED STATES ARMY CORPS                    )
OF ENGINEERS,                               )
441 G Street NW                             )
Washington, DC 20314,                       )
                                            )
UNITED STATES DEPARTMENT                    )
OF JUSTICE,                                 )
950 Pennsylvania Avenue NW                  )
Washington, DC 20530,                       )
                                            )
              *Defendants.*             )
_____)

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Responding to an executive order, Exec. Order No. 13,778, 82 Fed. Reg. 12,497 (Feb. 28, 2017), Defendants U.S. Environmental Protection Agency (EPA) and U.S. Army Corps of Engineers ("Army Corps") recently announced a proposed rulemaking redefining the categories of waterways that are protected by the federal Clean Water Act. In anticipation of that proposed rulemaking, Plaintiff Natural Resources Defense Council (NRDC) submitted requests to EPA, the Army Corps, and Defendant U.S. Department of Justice (DOJ) pursuant to the Freedom of Information Act (FOIA), 5

U.S.C. § 552. NRDC requested certain agency records relating to the expected consequences of excluding particular categories of water bodies from Clean Water Act jurisdiction. Defendants failed to respond by FOIA's statutory deadline. By refusing to provide responsive records to NRDC, Defendants are breaking the law and frustrating the public's ability to provide meaningful comment on a forthcoming regulatory proposal of enormous environmental significance.

## INTRODUCTION

1. In 2015, EPA and the Army Corps promulgated a regulation ("the Clean Water Rule") defining the scope of waters protected under the federal Clean Water Act. 80 Fed. Reg. 37,054 (June 29, 2015).

2. The Clean Water Rule established that, among other waterways, all streams (including intermittent and ephemeral streams) that qualify as tributaries and certain wetlands fall within the jurisdiction of the Act because they categorically have a "significant nexus" to downstream navigable waters.

3. In 2017, President Trump signed an executive order directing EPA and the Army Corps to "rescind or revise" the Clean Water Rule. Exec. Order No. 13,778, 82 Fed. Reg. 12,497 (Feb. 28, 2017). EPA and the Army Corps subsequently announced that they would carry out this order in two steps: first, by repealing the Clean Water Rule, and second, by replacing it with a new regulation that protected fewer waterways ("the Replacement Rule").

4. In July 2017, EPA and the Army Corps formally proposed to repeal the Clean Water Rule. 82 Fed. Reg. 34,899 (July 27, 2017). In July 2018, they published a supplemental repeal proposal containing new arguments intended to justify the repeal. 83 Fed. Reg. 32,227 (July 12, 2018).

5. Meanwhile, EPA and the Army Corps began to develop plans to severely restrict the scope of waters protected by the Clean Water Act. They hosted public meetings and accepted "pre-proposal" written comments in the fall of 2017. 82 Fed. Reg. 40,742 (Aug. 28, 2017). In June 2018, EPA and the Army Corps announced that they had sent the Replacement Rule to the Office of Management and Budget for final interagency review.

6. In advance of the expected proposal of the Replacement Rule, NRDC requested, pursuant to the Freedom of Information Act, that Defendants release records relating to the consequences of excluding intermittent streams, ephemeral streams, and certain wetlands from the scope of federally protected waters.

7. NRDC submitted its FOIA request to EPA via FOIAonline.gov on September 12, 2018 and mailed its requests to the Army Corps and DOJ on September 14, 2018. FOIA requires an agency to substantively respond to a FOIA request within twenty business days. None of the Defendants substantively responded by this deadline.

8. In December 2018, EPA and the Army Corps publicly announced the proposed Replacement Rule redefining the scope of the Clean Water Act. The proposal would exclude ephemeral streams and certain wetlands from the definition of federally protected waterways and indicates that a final rule may exclude additional features, such as intermittent streams. The agencies' final rule will likely represent the largest regulatory rollback of Clean Water Act jurisdiction in more than 40 years.

9. By failing to respond to NRDC's FOIA requests, Defendants have withheld records critical to understanding the significant impacts of the proposed Replacement Rule. Without those records, the public is not able to fully assess the proposal or provide meaningful comment on it. Defendants' actions frustrate public participation in the

rulemaking process and are illegal under FOIA. NRDC brings this action to compel Defendants to follow the law and disclose these records immediately.

## PARTIES

10. Plaintiff NRDC is a national, non-profit environmental and public health membership organization with hundreds of thousands of members. NRDC engages in research, advocacy, public education, and litigation related to protecting public health and the environment. NRDC's mission includes the prevention and mitigation of water pollution, and the protection of aquatic ecosystems, in order to protect and maintain NRDC members' health and use and enjoyment of natural resources.

11. Defendants EPA, Army Corps, and DOJ are federal agencies within the meaning of FOIA, 5 U.S.C. § 551(1), and have possession or control of the records NRDC seeks.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

13. Venue is proper in the District Court for the District of Columbia pursuant to 5 U.S.C. § 552(a)(4)(B).

## STATUTORY FRAMEWORK

14. The Freedom of Information Act requires that federal agencies make information available to the public, upon request, unless one of nine statutory exemptions from disclosure applies. 5 U.S.C. § 552(a)-(b).

15. Within twenty business days of receiving a FOIA request, an agency must determine whether to comply with the request and must "immediately notify" the

requester of "such determination and the reasons therefor." 5 U.S.C. § 552(a)(6)(A)(i)(I).

16. An agency must "promptly" release requested, non-exempt records requested in accordance with FOIA. 5 U.S.C. § 552(a)(6)(C)(i).

17. In "unusual circumstances," an agency may extend the twenty-day time limit for responding to a FOIA request by up to an additional ten business days. 5 U.S.C. § 552(a)(6)(B)(i). Any such extension must be "by written notice" to the requester, "setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." *Id.*

18. A requester is deemed to have exhausted all administrative remedies if the agency fails to comply with the statutory time limits. 5 U.S.C. § 552(a)(6)(C)(i).

19. FOIA grants federal district courts the authority "to enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

## FACTS

*Defining "Waters of the United States"*

20. The purpose of the Clean Water Act is to protect and restore "the Nation's waters." 33 U.S.C. § 1251(a). The EPA and Army Corps are tasked with applying the Act's protections to "navigable waters," *see id.* § 1251 *et seq.*, which Congress defined as the "waters of the United States," *id.* § 1362(7).

21. When a water body is deemed a "water of the United States," it receives a range of protections under the Act. Notably, entities discharging pollutants into it must obtain a permit, *id.* §§ 1311(a), 1342, 1344; no one may dump high-level radioactive

waste or medical waste into it, *id.* § 1311(f); and sewage sludge disposal is restricted if it leads to a pollutant entering such a water, *id.* § 1345.

22.     Two Supreme Court cases in 2001 and 2006 created widespread confusion about the scope of the Act's coverage, particularly with regard to whether certain tributaries and wetlands are "waters of the United States." *Rapanos v. United States*, 547 U.S. 715 (2006); *Solid Waste Agency of N. Cook Cnty. (SWANCC) v. U.S. Army Corps of Eng'rs*, 531 U.S. 159 (2001). Following those cases, EPA, the Army Corps, and appellate courts generally agreed that waters with a "significant nexus" to traditionally navigable waters were protected by the Act under the test established by Justice Kennedy in his concurring opinion in *Rapanos*.[1]

23.     However, case-by-case implementation of this test proved difficult. To resolve lingering confusion and provide regulatory certainty, EPA and the Army Corps initiated a rulemaking to clarify the scope of the Act's coverage. That effort began in 2011 and culminated in the 2015 promulgation of the Clean Water Rule. 80 Fed. Reg. 37,054, 37,102. The Clean Water Rule clarified that tributaries and "adjacent" wetlands, as defined by the Rule, categorically have a "significant nexus" to downstream waters and so are "waters of the United States" covered by the Act. *Id.* at 37,058-59.

24.     EPA and the Army Corps solicited comment on the proposed Clean Water Rule for over 200 days and received over a million comments. *Id.* at 37,057. NRDC submitted comments on the proposed Rule.

---

[1] *See* EPA & Army Corps of Eng'rs, Clean Water Act Jurisdiction Following the U.S. Supreme Court's Decision in *Rapanos v. United States* & *Carabell v. United States* (Dec. 2, 2008), https://www.epa.gov/sites/production/files/2016-02/documents/cwa_jurisdiction_following_rapanos120208.pdf.

25. Shortly after taking office in 2017, President Trump signed an executive order requiring EPA and the Army Corps to publish a proposed rule "rescinding or revising" the Clean Water Rule. Exec. Order No. 13,778, 82 Fed. Reg. 12,497 (Feb. 28, 2017). The order directed the agencies to "consider" interpreting the jurisdiction of the Act "in a manner consistent with" a narrower test established by Justice Scalia's opinion in *Rapanos*. *Id.*

26. In July 2017, EPA and the Army Corps proposed repealing the Clean Water Rule and replacing it with the previous regulatory text. 82 Fed. Reg. 34,899 (July 27, 2017). The agencies described it as the first step of a two-step process; the second step would be to promulgate a new rule replacing the Clean Water Rule with a new definition of "waters of the United States." *Id.* at 34,899. NRDC submitted comments opposing the proposed repeal.

27. In July 2018, EPA and the Army Corps published a supplemental repeal proposal containing new arguments intended to justify the repeal of the Clean Water Rule. 83 Fed. Reg. 32,227 (July 12, 2018). NRDC submitted comments opposing the supplemental repeal proposal.

28. Meanwhile, EPA and the Army Corps also initiated the second step in their planned rulemaking process: a new rule to replace the Clean Water Rule. Throughout the fall of 2017, the agencies accepted suggestions for alternative definitions of "waters of the United States" via public meetings and written comments. *See* 82 Fed. Reg. 40,742 (Aug. 28, 2017). The agencies confirmed that they were carrying out the directive in the President's executive order to consider interpreting the Act's jurisdiction in a manner consistent with Justice Scalia's analysis. *Id.* at 40,742. Under that test, the

Clean Water Act would protect only "relatively permanent waters and wetlands with a continuous surface connection to relatively permanent waters." *Id.*

29. In June 2018, EPA and the Army Corps announced that they had sent a final draft of the proposed Replacement Rule to the Office of Management and Budget for interagency review.

*NRDC's FOIA Requests*

30. In advance of the expected public release of the Replacement Rule, NRDC submitted Freedom of Information Act requests to each of the three Defendants seeking records relating to the potential scope and consequences of the forthcoming rule proposal (the "FOIA requests," attached hereto as Exhibit A, B, and C).

31. NRDC electronically submitted its FOIA request to EPA on September 12, 2018 via FOIAonline.gov.

32. NRDC mailed its FOIA requests to the Army Corps and DOJ on September 14, 2018.

33. The FOIA requests sought records relating to the possible impacts of narrowing the definition of waterways protected by the Clean Water Act, including specifically:

> i. "any discharger required to have a NPDES permit where the receiving water is" an intermittent stream, ephemeral stream, or "intrastate and non-navigable wetland, pond, or other water body that does not abut another water body" (EPA FOIA request);
>
> ii. any such water body "included on a state list [of impaired waters] submitted to EPA pursuant to section 303(d)(1) of the Clean Water Act" (EPA FOIA request);

    iii.    "any public water systems and/or the number of people served by such systems, which derive any of their supply from source water protection areas containing any" such water bodies (EPA FOIA request);

    iv.    "any enforcement action under the authority of section 309 of the Clean Water Act," including "any compliance order, civil or criminal action, or assessed administrative penalty," in which "the violation . . . alleged" affected any such water bodies (EPA, Army Corps, and DOJ FOIA requests); and

    v.    "any jurisdictional determination (either preliminary or approved) which assessed" whether any such water body "was a 'water of the United States'" (Army Corps FOIA request).

34. In the FOIA requests, NRDC asked that Defendants grant a public interest waiver, pursuant to 5 U.S.C. § 552(a)(4)(A)(iii), of any fee that Defendants would otherwise charge for searching for and producing the requested records.

35. According to the government's FOIAonline.gov tracking website, EPA received NRDC's FOIA request on September 12, 2018. EPA assigned the request a tracking code, EPA-HQ-2018-011394. NRDC has received no other information or communication from EPA regarding the request.

36. According to U.S. Postal Service tracking receipts (attached hereto as Exhibit D), DOJ and the Army Corps received NRDC's FOIA requests on September 17, 2018.

37. On September 27, 2018, DOJ sent a letter to NRDC rejecting its FOIA request (attached hereto as Exhibit E). The letter alleged that the request "designated

9

organizations outside of the Department of Justice" and directed NRDC to resubmit the request directly to EPA. The letter also stated that DOJ had assigned the request the internal tracking number EM053595726US.

38. On October 5, 2018, NRDC appealed DOJ's decision on the grounds that the FOIA request to DOJ sought only records specifically in DOJ's possession, custody, or control, and that the request was concerned with DOJ's role in enforcing the Clean Water Act. The appeal was assigned the FOIAonline.gov tracking code DOJ-AP-2019-000097.

39. On November 9, 2018, DOJ sent NRDC a letter (attached hereto as Exhibit F) stating that it had reversed its decision and remanded NRDC's FOIA request to DOJ's Justice Management Division for further processing. The letter did not state whether DOJ would comply with the FOIA request.

40. NRDC has received no additional communications from DOJ regarding its FOIA request. DOJ has not assigned the request a FOIAonline.gov tracking code.

41. On January 15, 2019, the Army Corps contacted NRDC by email (attached hereto as Exhibit G) to request additional "clarification" details about the nature of the records NRDC seeks. The email did not indicate whether the Army Corps would comply with the FOIA request or state whether the Army Corps had made any such determination. On January 17, 2019, NRDC replied by email with answers to the Army Corps' questions (attached hereto as Exhibit H).

42. NRDC has received no additional communications from the Army Corps regarding its FOIA request. The Army Corps has not assigned NRDC's request a tracking code on FOIAonline.gov.

43. October 11, 2018 was the twentieth day (excepting Saturdays, Sundays, and legal public holidays) after EPA received NRDC's FOIA request.

44. EPA did not inform NRDC by October 11, 2018, of EPA's determination regarding whether it would comply with the FOIA request.

45. October 16, 2018 was the twentieth day (excepting Saturdays, Sundays, and legal public holidays) after the Army Corps received NRDC's FOIA request.

46. The Army Corps did not inform NRDC by October 16, 2018 of the Army Corps' determination regarding whether it would comply with the FOIA request.

47. October 16, 2018 was the twentieth day (excepting Saturdays, Sundays, and legal public holidays) after DOJ received NRDC's FOIA request.

48. DOJ did not inform NRDC by October 16, 2018 of DOJ's determination regarding whether it would comply with the FOIA request.

49. EPA and the Army Corps have announced that when they publish the Replacement Rule in the Federal Register, they will take public comment on the proposal for sixty days after publication.[2] Multiple parties, including NRDC, requested that the agencies extend the comment period by at least an additional 145 days, to make it approximately commensurate with the public comment period provided on the proposed Clean Water Rule. As of February 7, 2019, EPA and the Army Corps have not responded to that request.

50. As of February 7, 2019, the FOIAonline.gov website page for NRDC's FOIA request to EPA, tracking code EPA-HQ-2018-011394, provided an estimated date of completion for the FOIA request of October 11, 2018.

---

[2] EPA, Waters of the United States (WOTUS) Rulemaking: Step Two—Revise, https://www.epa.gov/wotus-rule/step-two-revise (last visited Feb. 4, 2019).

51. As of February 7, 2019, the FOIAonline.gov website page for tracking code EPA-HQ-2018-011394 provided the final disposition of the FOIA request as "undetermined."

52. As of February 7, 2019, none of the Defendants had notified NRDC of their determination of whether they will comply with the FOIA requests and their reasons therefor.

53. As of February 7, 2019, none of the Defendants had provided written notice to NRDC of unusual circumstances to extend the FOIA statutory response times.

54. As of February 7, 2019, none of the Defendants had released any of the records requested in the FOIA requests.

## CLAIM FOR RELIEF

### COUNT ONE
### 5 U.S.C. § 552(a) (FOIA)

55. Plaintiff incorporates by reference all preceding paragraphs.

56. Plaintiff NRDC has a statutory right under FOIA to obtain immediately all records responsive to its FOIA requests that are not exempt from disclosure.

57. Defendants violated their statutory duty under FOIA, 5 U.S.C. § 552(a), to release all non-exempt requested records to NRDC.

## REQUEST FOR RELIEF

Plaintiff NRDC respectfully requests that the Court enter judgment against Defendants as follows:

A. Declaring that Defendants have violated FOIA by failing to timely provide final determinations on NRDC's FOIA requests, and by failing to timely produce non-exempt records requested by NRDC;

B. Ordering Defendants to disclose all requested records without further delay, and without charging search or duplication fees;

C. Retaining jurisdiction over this case to rule on any assertion by Defendants that any requested records are exempt from disclosure;

D. Ordering Defendants to produce an index identifying any responsive records that Defendants withhold as exempt from disclosure, and the basis for the withholding, promptly upon determining to withhold such records;

E. Awarding NRDC its costs and reasonable attorneys' fees; and

F. Granting such other relief that the Court deems just and proper.

Dated: February 7, 2019            Respectfully submitted,

                                    */s/ Rebecca Hammer*
                                    Rebecca Hammer (DC Bar # 981297)
                                    Natural Resources Defense Council
                                    1152 15th Street NW, Suite 300
                                    Washington, DC 20005
                                    (202) 513-6254
                                    rhammer@nrdc.org

**EXHIBITS**

Exhibit A: NRDC's FOIA Request to EPA (Sep. 11, 2018)

Exhibit B: NRDC's FOIA Request to the Army Corps (Sep. 13, 2018)

Exhibit C: NRDC's FOIA Request to DOJ (Sep. 13, 2018)

Exhibit D: U.S. Postal Service Tracking Receipts Confirming DOJ and Army Corps Receipt of NRDC's FOIA Requests on Sep. 17, 2018

Exhibit E: DOJ Letter to NRDC Rejecting Its FOIA Request (Sep. 27, 2018)

Exhibit F: DOJ Letter to NRDC Reversing Its Denial and Remanding NRDC's FOIA Request for Further Processing (Nov. 9, 2018)

Exhibit G: Email from Army Corps to NRDC Requesting Additional Information about NRDC's FOIA Request (Jan. 15, 2019)

Exhibit H: Email from NRDC to Army Corps Responding to Request for Additional Information (Jan. 17, 2019)